UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Docket No.: 14-CR-132 |
| v. | : | |
| | : | |
| TIMOTHY KLIMAS | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**NOW COMES** the Defendant, Timothy Klimas (hereinafter sometimes "Mr. Klimas" or "Defendant"), by and through undersigned counsel, and hereby submits his memorandum in aid of sentencing.

*I.     Background*

Timothy Klimas is a 27 year old man who has lived the majority of his life in and around Bangor, Maine. His parents divorced when he was approximately 4 years old. His mother remarried a gentleman named Robert Lewis in approximately 1996. In 2003 when Mr. Klimas was approximately 14 years old, Mr. Klimas's mother and Robert Lewis divorced. In his interview with the United States Probation and Pretrial Services office he described this event as a "crisis situation in his life which "changed every[thing] about [himself]". See Presentence Investigation Report ("PSR") at ¶ 62. Mr. Klimas considered Mr. Lewis his father and the dissolution of the marriage, according to him, left him "a whole different person". Id.

Thereafter, Mr. Klimas encountered great difficulty in school. He was placed in "special resources classes" and suffered with "learning disabilities and speech problems". It was around the time of his mother's second divorce (when Mr. Klimas was 13 or 14) that he began viewing

child pornography "before he knew it was wrong". Id. At ¶ 67.  His involvement with child pornography and other conduct that forms the basis for the instant offense progressed in later years.  He indicated to the probation office as part of the presentence investigation here that he "always wanted help but knew ..... [he would] .... get in trouble if I told people." Id. at ¶ 64.  He stated further that his awareness of his predilection "bothered ... [him] ... a lot" and that he turned to "drugs & whatever ...[he]... could over ... [the] ... years to punish ... [himself] for who ... [he] was". Id.  Mr. Klimas informed the probation office that, among other things, he was "truly sorry for all of the pain and suffering ...[he]... inflicted on the victims ....", that he "apologize[d] to them, to their loved ones and to the court" and that he was "ready to accept [his] punishment knowing that it cannot begin to make things right for the victims." Id. at ¶ 13.

## II.    Restitution

To date, no restitution requests have been made in this matter.  At the Presentence Conference conducted on March 16, 2016 the Court directed the government to notify it and defense counsel of any such requests no later than May 4, 2016.  Mr. Klimas reserves his right to address any claims for restitution via reply to the government's sentencing memo also due May 4, 2016.

## III.   The Appropriate Sentence

### A.    Application of the Guidelines

Timothy Klimas has admitted to committing acts that society finds abhorrent:  the sexual abuse of children.  He has no countable criminal history.  He has accepted responsibility for this conduct and expects to be punished harshly therefor.  However, the child pornography guidelines have guideline base offense levels and specific offense characteristics set so that most offenders

are facing recommended ranges that are at, or exceed, statutory maxima.  Indeed, in the instant case, the advice of the guidelines is a life sentence but, in recognition of the statutory maxima, the PSR counsels that the guideline range is really only 1,320 months (110 years).

It is this type of extraordinary recommendation that, combined with the often lack of any association between the penalties and either past harm or future risk, has led courts increasingly to reject the recommended Guideline range.  Rejecting the suggested Guidelines penalty leaves courts with the quandary of determining a sentence that achieves just, effective, and proportionate punishment without an ability to reference specific offense characteristics that separate different cases, or punish similar cases.

There are several fairly recent child pornography production cases sentenced in Maine the Court may wish to consider.  Among these is a sentence of 28 years and four months imposed in United States v. Royce Breton, Cr. No. 2:11-cr-111-DBH.  This case differs from Mr. Klimas's in that Mr. Breton went to trial and his involved producing child pornography of an infant.  The District Court imposed a sentence of 25 years in United States v. David Muise, 2:13cr12-NT.  There the victim was four years old and the images were distributed.  See *"Portland Man Gets 25 Years for Using Child to Make Pornography"*, Portland Press Herald (May 16, 2013).

The First Circuit reiterates, "[t]here is no single reasonable sentence in any particular case but, rather, a universe of reasonable outcomes," United States v. Walker, 665 F.3d 212, 234 (1st Cir. 2011), and "[w]e generally respect the district court's sentence as long as the court has provided a plausible explanation, and the overall result is defensible," United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008).  U.S. v. Prosperi, 686 F.3d 32, 43 (1st Cir. 2012)(J. Lipez); U.S. v. Jeffrey Bruns, 15-1046 (1st. Cir. 2015)(affirming 18 month sentence).  The hallmarks of

a substantively reasonable sentence are a plausible sentencing rationale and a defensible result. United States v. Rivera-González, 776 F.3d 45, 51 (1st Cir. 2015).

 Placing this case in the spectrum of defendants sentenced for production offenses, a sentence comparable to those imposed in Breton and Muise would be sufficient to emphasize that the crime is a very serious offense. Thirty years is a little more than half the effective working life of an adult. This length sentence would mean that Mr. Klimas would be almost 60 years old when released. His libido will naturally decrease. The state of knowledge regarding the treatment of offenders such as Mr. Klimas will have advanced. Better technology allowing closer supervision will have been developed. It is difficult to predict what changes will occur in thirty years, except to say that changes will occur.

 A thirty year sentence would be just, effective, and proportionate.

 B. Vulnerability in Prison

 Vulnerability in prison is recognized as a factor the court may consider in crafting an appropriate sentence. Koon v. U.S., 518 U.S. 81 (1996)(police officers convicted of civil rights crimes); U.S. v. Gonzalez, 945 F.2d 525 (2d Cir. 1991) (departure affirmed for defendant who had "softness of features" which would make him prey to prisoners); U.S. v. Lara, 905 F.2d 599 (2d Cir. 1990) (departure from 10 to 5 years upheld for defendant whose youthful appearance and bisexuality made him particularly vulnerable to victimization, a factor not adequately considered by the Guidelines); U.S. v. Long, 977 F.2d 1264 (8th Cir. 1992) (court departed from 46 months to one year home detention based on potential victimization in prison); U.S. v. Parish, 308 F.3d 1025 (9th Cir. 2002) (eight level departure granted in child pornography case in part because defendant had "high susceptibility to abuse in prison" due to his demeanor, his naiveté, and the

nature of the offense); U.S. v. Wilke, 995 F. Supp. 828 (N.D. Ill. 1998) (downward departure based on appearance and conviction of child pornography offense would subject him to physical abuse in prison); United States v. Ruff, 998 F. Supp. 1351, (M.D. Ala. 1998)(Ruff would be especially vulnerable to sexual victimization in prison)[1]. A below guidelines sentence is further justified in part by the serious risk Mr. Klimas faces while incarcerated. That risk increases over time, both due to continued exposure, and due to the constant turnover of other inmates bringing new threats into the facility.

## IV.   Conclusion

The defense respectfully recommends a sentence of 360 months followed by an extended period of supervised release (the defense suggests 15 years). At the completion of a total of 45 years incarceration and supervised release, Mr. Klimas would be nearly 75 years old. He

---

[1] The court stated, "The horrors experienced by many young inmates, particularly those who … are convicted of nonviolent offenses, border on the unimaginable." *Ruff* at 1355-1356; see also David M. Siegal, *Rape in Prison and AIDS: A Challenge for the Eighth Amendment Framework of Wilson v. Seiter*, 44 Stan. L. Rev. 1541, 1544 (1992) (Homosexual rape within male prisons occurs with frightening frequency and brutality.) (citing studies and statistics); Charles M. Sennott, *Prison's Hidden Terror*, Boston Globe, May 1, 1994, at B1 (In American prisons "rape is an entrenched culture tacitly accepted by much of the criminal justice system" and noting that there are 200,000 to 300,000 sexual assaults each year on the 1.3 million male inmates in American prisons).

respectfully submits that is a long sentence which meets the goals of sentencing and is sufficient but not greater than necessary, accounting for the facts of this case.

                                                                 Respectfully submitted,

Dated:  April 13, 2016                         /s/ James S. Nixon
                                                                 James S. Nixon, Esquire
                                                                 Assistant Federal Defender
                                                                 Office of the Federal Defender
                                                                 23 Water Street, Suite 206
                                                                 Bangor, Maine 04401
                                                                 Attorney for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Docket No.: 14-CR-132 |
| v. : | |
| : | |
| TIMOTHY KLIMAS : | |

### CERTIFICATE OF SERVICE

    I, James S. Nixon, Esquire, Assistant Federal Defender, Office of the Federal Defender, attorney for the Defendant, hereby certify that on April 13, 2016, I electronically filed Mr. Klimas's Memorandum in Aid of Sentencing with the Court via the CM/ECF electronic filing system which will send notification of such filing via said system electronically on the 13th day of April, 2016 to the following persons:

    F. Todd Lowell, Assistant U.S. Attorney
    U.S. DEPARTMENT OF JUSTICE
    202 Harlow Street, Rm 111
    Bangor, Maine  04401
    Chris.Ruge@usdoj.gov

    I further certify that on April 13, 2016, I served a copy of the foregoing document on the following parties or their counsel of record by U.S. mail:

    Jennifer L. LaFlamme, Officer
    U.S. Probation & Pretrial Services Office
    202 Harlow Street, Rm 209
    Bangor, ME 04401

| | |
|---|---|
| Dated: April 13, 2016 | /s/ James S. Nixon |
| | James S. Nixon, Esquire |
| | Assistant Federal Defender |
| | Office of the Federal Defender |
| | 23 Water Street, Suite 206 |
| | Bangor, Maine 04401 |
| | Attorney for Defendant |