UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY S. KLIMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14-cr-00132-JAW |
| | ) | 1:17-cv-00254-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Timothy S. Klimas moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 78.) In July 2016, following a guilty plea, Petitioner was convicted of sexual exploitation of children, 18 U.S.C. § 2251(a), (e), and transportation of child pornography, 18 U.S.C. § 2252A(a)(1), (b)(1); the Court sentenced Petitioner to 600 months in prison.[1] (Judgment, ECF No. 74 at 1-2.) Petitioner did not appeal from the conviction or the sentence.

Petitioner essentially contends that Title 18 U.S.C. § 2251(a) constitutes an unconstitutional exercise of Congressional power under the Commerce Clause of the United States Constitution, because the statute regulates activity that lacks a nexus with

---

[1]Petitioner was charged with sexual exploitation, 18 U.S.C. § 2251(a), (e) (Counts 1 through 3), and with transporting or shipping child pornography, 18 U.S.C. §§ 2252A(a)(1), 2256(8)(A) (Count 4). (Indictment, ECF No. 16.) He was convicted and sentenced to a prison term of 360 months on each of Counts 1 through 3, to be served concurrently, and to a prison term of 240 months on Count 4, to be served consecutively, for a total sentence of 600 months, to be followed by a life term of supervised release. (Judgment, ECF No. 74 at 2-3.)

interstate commerce; Petitioner apparently also alleges his activities did not have a substantial effect on interstate commerce. (Motion at 4; Attachment, ECF No. 78-1 at 5-7.) Petitioner asserts a related claim of ineffective assistance for counsel's alleged failure to explain the appeals process to him.[2] (Motion at 5.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion.

## I. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).

---

[2]Petitioner's 28 U.S.C. § 2255 motion is timely. *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final.").

2

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010).

An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the petitioner demonstrates both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner's defense. *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

**B. Claim and Analysis**

Although Petitioner challenges both statutes of conviction, i.e., 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252A, his challenge appears to focus on the production, rather than the

3

transportation, of child pornography. (Attachment, ECF No. 78-1 at 5-7.) Petitioner's claim, therefore, necessarily relates solely to section 2251(a).³

Petitioner contends the Court lacked subject matter jurisdiction over the criminal charges. (Attachment at 10.) A Commerce Clause challenge does not implicate the Court's subject matter jurisdiction. *See United States v. Sealed Appellant*, 526 F.3d 241, 243 & n.4

---

³Title 18 U.S.C. § 2251(a) provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of **producing** any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was **produced** or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

(Emphasis added).

The other statute of conviction, 18 U.S.C. § 2252A(a)(1), provides: "Any person who -- . . . knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography . . . shall be punished as provided in subsection (b)."

Even if Petitioner had included allegations relevant to his conviction under section 2252A, a Commerce Clause challenge to section 2252A would have failed. *See United States v. Joubert*, 778 F.3d 247, 255 (1st Cir. 2015) (concluding, regarding a conviction for possession under section 2252A(a)(5)(B), that "[n]o relevant distinction suggests that a VHS tape as employed here provides less of a nexus to interstate commerce than the thumb drive in [*United States v. Burdulis*, 753 F.3d 255, 262 (1st Cir. 2014)]," in which the Court held, regarding a conviction for possession under 18 U.S.C. § 2252(a)(4)(B), that "the interstate commerce element is satisfied by the copying of child pornography onto a thumb drive that had traveled interstate"); *United States v. Giboney*, 863 F.3d 1022, 1026 (8th Cir. 2017) (quotation marks omitted) (stating, regarding a conviction under section 2252A(a)(1), (2): "Giboney does not dispute that he used the internet to receive, possess, and transport child pornography. In doing so Giboney participated in a system that is inexorably intertwined with interstate commerce and thus properly within the realm of Congress's Commerce Clause power.").

(5th Cir. 2008) (quoting *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998)) (noting that a section 2251(a) interstate commerce nexus argument "'is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case . . . .'").

In addition, the First Circuit has rejected a Commerce Clause challenge to 18 U.S.C. § 2251(a). *See United States v. Poulin*, 631 F.3d 17, 20-22 (1st Cir. 2011). In *Poulin*, the Court noted that in *United States v. Morales-De Jesús*, 372 F.3d 6 (1st Cir. 2004), it had

> [r]ejected both a facial and as-applied challenge to § 2251(a) premised on the argument that the statute exceeded congressional authority under the Commerce Clause because it attempted to regulate intrastate child pornography created exclusively for personal use. We first held that § 2251(a) was valid on its face in regulating intrastate child pornography production because such activity, when taken in the aggregate, had a substantial effect on interstate commerce.

*Poulin*, 631 F.3d at 20-21 (citing *Morales-De Jesús*, 372 F.3d at 14-17 (relying on *Wickard v. Filburn*, 317 U.S. 111 (1942))).

Petitioner's underlying claim that section 2251(a) is unconstitutional is controlled by *Poulin* and *Morales-De Jesús,* and thus Petitioner's Commerce Clause claim fails. Because the underlying claim fails, the related ineffective assistance claim also fails. *See Tse*, 290 F.3d at 465.

## II. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend

that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 3rd day of November, 2017.